Kevin D. COLEY, Individual & as Special Administrator of the Estate of Rebekah Ann Coley, Deceased, Marsha L. Coley, Robert Andrew Perino, a minor by his father and next friend, Michael A. Perino, Michael A. Perino, Individually and Karen M. Perino, Plaintiffs,

v.

COMMONWEALTH EDISON COMPANY, Defendant.

No. 88 C 7830.

United States District Court, N.D. Illinois, E.D.

Jan. 18, 1989.

John P. Healy and Sheryl E. Healy, Chicago, Ill., for plaintiffs.

John G. Poust, Frank C. Rowland, Terrence M. Burns and Marc D. Ginsberg, Rooks, Pitts & Poust, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on motion of defendant, Commonwealth Edison Company, for Judgment on the Pleadings, or in the alternative for Summary Judgment as to Counts IV and IX of the complaint. Defendant further moved to strike improper parties from certain counts. For the following reasons, defendant's motion for summary judgment on Counts IV and IX is granted. The motion to strike improper parties is granted by agreement of the parties.

## FACTS

Plaintiffs' multi-count complaint alleges that conditions at the Dresden plant of Commonwealth Edison Company caused certain medical pathology to result in two children of male employees. Specifically, the complaint alleges that the fathers as part of their employment at the Dresden Plant cleaned up chemical and nuclear spillage and thereby were contaminated by radiation. As a result of the contamination, both children were born with severe and permanent injuries and one child died. The issue before the court is whether the plaintiffs can successfully aver a cause of action on a wrongful birth theory against Commonwealth Edison Company.

## DISCUSSION

The Illinois Supreme Court recently decided that actions for wrongful life and wrongful birth should be recognized in Illinois. *Siemieniec v. Lutheran General Hospital,* 117 Ill.2d 230, 111 Ill. Dec. 302, 512 N.E.2d 691 (1987). These are two distinct causes of action. When discussing "wrongful birth" the court attempted to describe an encompassing view

of the fact patterns within which this cause of action may arise:

> "Wrongful birth" refers to the claim for relief of parents who allege they would have avoided conception or terminated the pregnancy by abortion but for the negligence of those charged with prenatal testing, genetic prognosticating, or counseling parents as to the likelihood of giving birth to a physically or mentally impaired child. The underlying premise is that prudent medical care would have detected the risk of a congenital or hereditary genetic disorder either prior to conception or during pregnancy. As a proximate result of this negligently performed or omitted genetic counseling or prenatal testing, the parents were foreclosed from making an informed decision whether to conceive a potentially handicapped child or, in the event of a pregnancy, to terminate the same. (cites omitted).

111 Ill.Dec. at 306, 512 N.E.2d at 695. The nature of the tort of wrongful birth therefore, has nothing to do with whether or not a defendant caused the injury, but rather, whether defendant's negligence was the proximate cause of the parents being deprived of the option of making an informed and meaningful decision to either abort the fetus or give birth to a potentially genetically defective child. *Id.* 111 Ill.Dec. at 314, 512 N.E.2d at 703. This analysis can only be applied to the medical sphere. Those charged with prenatal testing or counseling, or genetic prognosticating cannot include Commonwealth Edison Company.

Further, the Illinois court's acceptance of wrongful birth came after careful consideration of holdings from other jurisdictions. All of these cases were brought against a physician or other health care provider. *Id.* Policy arguments cited by the court also point to medical technology or professional liability as just cause to accept wrongful birth as a cause of action. This court, therefore, concludes that the Illinois Supreme Court did not intend facts such as those presented in this case to give rise to a claim for wrongful birth.

## CONCLUSION

Summary judgment is granted in favor of Commonwealth Edison Company on Counts IV and IX. Additionally, Marsha Louise Coley is stricken from Count V and Karen M. Perino and Michael A. Perino are stricken from Count X.

It is so ordered.